UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNION OF CONCERNED SCIENTISTS ) <br> and ELIZABETH ANNE SHEPPARD, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> E. SCOTT PRUITT, in his official capacity as ) <br> Administrator of the Environmental ) <br> Protection Agency and UNITED STATES ) <br> ENVIRONMENTAL PROTECTION ) <br> AGENCY, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 18-10129-FDS |

## ORDER ON MOTION TO COMPEL

**SAYLOR, J.**

This is an action arising out of the Environmental Protection Agency's directive banning scientists in receipt of certain EPA grants from serving on the agency's federal advisory committees. The complaint alleges that the directive was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

On March 27, 2018, defendants moved to dismiss the complaint on the bases of standing, ripeness, finality, and justiciability. The motion to dismiss also contends (in abbreviated fashion) that even if the complaint is justiciable, the complaint fails to state a claim because the agency's action was not arbitrary and capricious.

Plaintiffs have moved to compel production of the administrative record on the ground that the issue of whether the agency action was "arbitrary and capricious" cannot be resolved without reference to the record. Defendants note, correctly, that the administrative record is not

normally necessary to resolve issues of standing, ripeness, finality, or justiciability.  Plaintiffs, however, point to defendants' alternative basis for dismissal, which is that the agency complied with the APA.

It is true that production of the administrative record is ordinarily required in order to resolve the issue of whether an agency action complied with the APA.  *See Atieh v. Riordan*, 727 F.3d 73, 75-76 (1st Cir. 2013).  Here, however, defendants have raised that issue only in conditional form:  defendants contend that even if the justiciability requirements are met, the agency complied with the statute.  Under the circumstances, and at this stage, the Court will not require production of the administrative record while it considers the justiciability issue.  However, at this stage, it will not consider defendants' alternative and conditional argument that the agency complied with the APA.  If the complaint survives the justiciability review, the Court will again take up the issue of production of the administrative record if appropriate.

Accordingly, plaintiffs' motion to compel is DENIED without prejudice to its renewal consistent with this order.

**So Ordered.**

Dated:  May 18, 2018

/s/  F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge